**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Michael Biel,

Petitioner,

v.

Eric Rokosky,

Respondent.

No. CV-26-03486-PHX-DJH (DMF)

**ORDER**

On May 18, 2026, Petitioner filed a habeas corpus petition under 28 U.S.C. § 2241 seeking release from immigration detention pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1). On May 20, 2026, the Court ordered Respondent to show cause why the Petition should not be granted. (Doc. 3). On May 27, 2026, Respondent responded stating that Petitioner's removal was "likely in the reasonably foreseeable future." (Doc. 6). After counsel with the Federal Public Defender's Office moved for and was granted appointment to represent Petitioner (Docs. 10-14), the Court ordered Respondent to file a status update on their efforts to effectuate his removal. (Doc. 16). Respondent has now done so. (Doc. 17).

Upon consideration of the filings, the Court now grants the Petition and orders that Petitioner be immediately released from custody.

**I. Background**

Petitioner is a native of South Sudan who entered the United States as a refugee in 2001. (Doc. 1 at 4). In 2007, Petitioner was sentenced to prison, and in 2015 he was

ordered removed to South Sudan but granted deferral of removal to that country pursuant to the Convention Against Torture (CAT). (*Id.*). Petitioner was detained by immigration authorities in 2017, but released after 90 days because his removal could not be effectuated. (*Id.*). On April 28, 2026, Petitioner was re-detained by immigration officials, and remains in immigration detention as of the date of this Order.

**II. Legal Standard**

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under § 1231(a)(1), the Government has 90 days in which to remove an alien once a removal order becomes final. Detention during this removal period is mandatory. 8 U.S.C. § 1231(a)(2). If the Government is unable to effect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner becomes discretionary. 8 U.S.C. § 1231(a)(6). That discretion, however, is not unfettered, and indefinite detention is not permitted. *Zadvydas*, 533 U.S. at 689 (8 U.S.C. § 1231(a)(6) "does not permit indefinite detention."). This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired. 533 U.S. at 701. Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment. *Id.* The *Zadvydas* Court concluded that this "presumptively reasonable" period extends for no more than six-months after an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)). *Id.* Thereafter, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If, after considering the evidence, the Court finds that "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699.

**III. Discussion**

Petitioner's removal order became final more than 10 years ago, and he has now been detained beyond the "presumptively reasonable" period identified in *Zadvydas*.

Therefore, to be entitled to relief, he need only present good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and, if he does so, the government must respond with evidence sufficient to rebut that showing.

Upon review of the record, the Court concludes that Petitioner has satisfied his burden. Petitioner argues that Respondent has "not even identified a third country of removal and ha[s] not informed [Petitioner] of any plans to remove him." (Doc. 12 at 1). Further, Petitioner has been granted deferral of removal to South Sudan pursuant to the CAT. On this record, there is "good reason" to believe that there is no significant likelihood of removal in the reasonably foreseeable future. The burden now shifts to the government to rebut that showing with sufficient evidence.

The government has failed to do so. As an initial matter, the government has not submitted any evidence, much less sufficient evidence. Although Respondent makes numerous references to and quotes from "Exhibit A"[1] in the Response, the only attached exhibit is a copy of the Court's May 20 OSC. Respondent included no exhibits or other evidence with the November 10, 2026 Status Report.

Further, even assuming the truth of Respondent's assertions,[2] Respondent has provided only generalized statements that the government is working to effectuate Petitioner's removal without providing any specifics. *See* Doc. 6 at 2 ("ICE is actively

---

[1] "Exhibit A" is likely intended to be a Declaration from an ICE deportation officer at the facility where Petitioner is detained. This would be consistent with numerous similar filings Respondents have made in immigration habeas cases in this District over several months. In many of those cases, similar immigration officer declarants lacked personal knowledge of the facts to which they were attesting, often providing a rote recitation of a petitioner's "file" or "records" without attesting that they had any involvement in the production of those records or that the events purportedly described therein were accurately described. So, even if the Court accepted the apparent declaration as evidence, it is insufficient to satisfy Respondents' burden under the Court's OSC, *Zadvydas*, or 28 U.S.C. § 2243. *See, e.g., Garcia v. Boldin*, 691 F.2d 1172, 1178-79 (5th Cir. 1982) (finding that response providing "a certified record of the administrative hearings which showed the true cause of detention and which substantially answered the factual allegations of the petition" to "substantially compl[y] with 28 U.S.C. § 2243"); *Marslin v. Schmucker*, 89 F.2d 765, 767 (4th Cir. 1937) (finding that response providing "full and complete transcript of the entire record upon which the warrant of deportation was issued" to satisfy former 28 U.S.C. §§ 456, 457, and 458, now combined as 28 U.S.C. § 2243).

[2] *See Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.,* 289 F.3d 589, 593 n. 4 (9th Cir. 2002) (arguments and statements of counsel are not evidence).

working to remove Petitioner to a safe third country."); Doc. 17 ("ICE is in the process of identifying a third country for removal and will follow the appropriate DHS guidance."). On this record, there is no evidence to support that Petitioner's removal is significantly likely to occur in the reasonably foreseeable future.

The Supreme Court held in *Zadvydas* that as the period of detention grows, "what counts as the 'reasonably foreseeable future' would have to shrink." 533 U.S. at 701. As noted, Petitioner has now been detained well beyond the presumptively reasonable period identified in *Zadvydas*, and having provided "good reason" to support that his removal is not significantly likely to occur in the reasonably foreseeable future, the burden shifts to Respondents to rebut that showing with sufficient evidence. *Id.* Respondents have failed to do so. Accordingly, the Court finds that Petitioner's continued detention is in violation of the Fifth Amendment, and will thus grant the Petition.

**IT IS THEREFORE ORDERED**:

(1) The Petition for Habeas Corpus (Doc. 1) is **granted**.

(2) Respondents must **IMMEDIATELY RELEASE** Petitioner from custody under any prior court ordered conditions.

(3) Within **48 HOURS** of this Order, Respondents must file a Notice of Compliance.

(4) Petitioner's Motion for Ruling (Doc. 12) is **denied as moot.**

(5) The Clerk of Court must enter judgment accordingly, and close this case.

Dated this 13th day of November, 2026.

Honorable Diane J. Humetewa
United States District Judge